A P P E N D I X   A

MICHIGAN DEPARTMENT OF CORRECTIONS
**PRISONER/PAROLEE GRIEVANCE FORM**

4835-4247 10/94
CSJ-247A

Date Received at Step I _____   Grievance Identifier: _____

> Be brief and concise in describing your grievance issue. If you have any questions concerning the grievance procedure, refer to PD 03.02.130 and OP 03.02.130 available in the prison Law Library.

| Name (print first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
|---|---|---|---|---|---|
| Robert Minarik | 227198 | MCF | 1-119-A | 9/15/03 | 9/15/03 |

What attempt did you make to resolve this issue prior to writing this grievance? On what date? __9/15/03__
If none, explain why.

On 9/15/03, at 1:15 p.m., I spoke with ADW Bartolac about the incident described below, and requested the return of my papers, but I was told that my papers are probably contraband, and that a hearing would have to be conducted with the CSO. There was nothing he could do.

State problem clearly. Use separate grievance form for each issue. Additional pages, using plain paper, may be used. Four copies of each page and supporting documents must be submitted with this form. The grievance must be submitted to the Grievance Coordinator in accordance with the time limits of OP 03.02.130.

This issue is a matter of an emergency nature since I need my legal-papers back before a ruling is rendered in my case, thereby providing me with the right to resolution within 2 business days. OP 03.02.130. The facts are that on 9/15/03, at approximately 11:55 a.m., when unit Count cleared I was walking past the podium in 1 Unit, going to the Day Room, and I was stopped by CO Hallowell stating she wanted a shakedown. At that time, I complied and she asked me what I had in my hands. I stated it was my legal-work concerning my amended 6.500 papers, my innocence, and it was really none of her concern. However, CO Hallowell stated the card-board priority mail envelope containing my papers was contraband because it was a fire hazard, and she had to confiscate it. I asked if I could retrieve my papers inside and she stated I could not. I then asked for a Contraband Removal Report, (form CSJ-284) and was told I would get one when she feels like it. I was ordered to leave the desk area or go to the hole for DDO. Thus, I never received a CRR. My legal papers were arbitrarily taken, and they contained my one and only copy of my amended 6.500 motion, which I had worked on for several months, and was ready to file in Case No. 91-7478. Per policy, I was entitled to a CSJ-284 CRR, and an informal administrative hearing on the confiscated property. I therefore request an investigation, immediate compliance with Policy Directives, and the return of my amended 6.500 motion. Further, I request appropriate disciplinary action.

_____
Grievant's Signature

RESPONSE (Grievant Interviewed?  [X] Yes  [ ] No   If No, give explanation. If resolved, explain resolution.)

This grievance has been thoroughly investigated. You filed a grievance against Officer Hallowell. In this grievance you were quoted as saying that Officer Hallowell took your legal property and did not return it. I have questioned Officer Hallowell about your issues and she indicates she did not take anything from you. The circumstances involving the allegations concerning the legal property, I can find no evidence to support your claims. You have not provided any facts, proof, evidence, witnesses in support of your claims. You have filed this grievance as retaliation for Officer Hallowell writing a minor court ticket on you 9-15-03, for Violation of Posted Rules. Grievance Denied.

| _____ | _____ | _____ | _____ |
|---|---|---|---|
| Respondent's Signature | Date | Reviewer's Signature | Date |
| _____ | _____ | _____ | _____ |
| Respondent's Name (Print) | Working Title | Reviewer's Name (Print) | Working Title |

| Date Returned to Grievant: | If resolved at Step I, Grievant sign here. Resolution must be described above. | _____ | _____ |
|---|---|---|---|
| | | Grievant's Signature | Date |

DISTRIBUTION: White, Green, Canary, Pink--Process to Step One;  Goldenrod--Grievant

MICHIGAN DEPARTMENT OF CORRECTIONS

4835-4248  10/94
CSJ-247 B

# PRISONER/PAROLEE GRIEVANCE APPEAL FORM

Date Received by Grievance Coordinator
at Step II: _____    Grievance Identifier: |M|C|F|b|1|0|0|9|0|0|2|1|6|0|1|7|d|

**INSTRUCTIONS:** THIS FORM IS ONLY TO BE USED TO APPEAL A STEP I GRIEVANCE.

The white copy of the Prisoner/Parolee Grievance Form CSJ-247A (or the goldenrod copy if you have not been provided with a Step I response in a timely manner) MUST be attached to the white copy of this form if you appeal it at both Step II and Step III.

If you should decide to appeal the Step I grievance response to Step II, your appeal should be directed top: _MCF_ _Warden's Office_ by _11/03/03_. If it is not submitted by this date, it will be considered terminated.

If you should decide to appeal the response you receive at Step II, you should send your Step III Appeal to the Director's Office, P.O. Box 30003, Lansing, Michigan, 48909.

| Name (first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
|---|---|---|---|---|---|
| Robert Simmons | 227196 | MCF | 2-220-A | 9/15/03 | 10/23/03 |

**STEP II--Reason for Appeal**

Respondent was inattentive to the issues raised in my grievance in that she utterly failed to interview my witnesses I named during the interview. Furthermore, if anyone can be accused of retaliation, it is the party being grieved, as well as the Respondents themselves, who colluded together and had me moved out of 1-Unit without just cause. In fact, the move was precipitated only because of my grievance complaints against C/O Hallowell. Thus, the defense of retaliation for the unjustified taking of my papers is disingenuous. The modified grievance status arising therein is merely an effort to suppress first amendment freedoms. I request an appropriate investigation, return of my papers, and the lifting of modified access status.

**STEP II--Response**

Date Received by Step II Respondent: _____

Respondent's Name (Print) _____  Respondent's Signature _____  Date _____

Date Returned to Grievant: _____

**STEP III--Reason for Appeal**
Respondent alludes to extraneous information relating to a MAJOR MISCONDUCT, which has nothing to do with the grievance issue itself. Moreover, newly developed information shows clear staff impropriety in that it was just learned that staff tried to coverup evidence of wrong doing in making a MAJOR MISCONDUCT written by C/O Hallowell disappear. All the above described actions starting at the incident, and throughout the grievance process shows a pattern of misconduct and violations of Policy Directives. I request return of my papers, appropriate investigation, and removal of modified access status.

**NOTE: Only a copy of this appeal and the response will be returned to you.**

**STEP III--Director's Response** is attached as a separate sheet.

If you find the Step III Director's response unsatisfactory, you have the option of referring the grievance to the Office of Legislative Corrections Ombudsman, 4th Floor Capitol Hall, 115 W. Allegan, Lansing, Michigan, 48913.

DISTRIBUTION:  White--Central Office;  Green - Canary --Step III;  Pink--Step II;  Goldenrod--Grievant

THIRD STEP GRIEVANCE RESPONSE

2-220 A

Robert Winburn, #222196
MCF,   03-09-00729,   07D

The Grievant presents an issue which **alleges that staff removed legal property from his possession and have refused to return his legal property**. The grievance was not rejected at the local level according to the provisions of Policy Directive 03.02.130, titled "Prisoner/Parolee Grievances" and Operating Procedure, 03.02.130 titled "Prisoner/Parolee Grievances."

This investigator has reviewed the record presented with the appeal to step three. **P.D. 03.03.130, Humane Treatment and Living Conditions for Prisoners, is the applicable policy relevant to the issue of the grievance. It is noted that the issue of the grievance is directly related to a major misconduct ticket issued to the Grievant by the officer. Major misconduct tickets can be appealed to the Office of Policy and Hearings; while minor misconduct tickets are appealed to the ADW of Housing. No other relief is warranted or recommended.** Upon further review of the documents presented, the record supports that additional information has not been presented on appeal to demonstrate an error in this determination. This decision is upheld at this level. This grievance appeal is denied.

Approval Signature: _____  Date: 12/29/03

#4/12-11-03/07D

C:  Warden
    Grievant

MICHIGAN DEPARTMENT OF CORRECTIONS  
4835-4248 10/94  
CSJ-247 B

## PRISONER/PAROLEE GRIEVANCE APPEAL FORM

Date Received by Grievance Coordinator at Step II: __10/27/03__

Grievance Identifier: MCF 03 09 0072 9 07d

**INSTRUCTIONS:** THIS FORM IS ONLY TO BE USED TO APPEAL A STEP I GRIEVANCE.
The white copy of the Prisoner/Parolee Grievance Form CSJ-247A (or the goldenrod copy if you have not been provided with a Step I response in a timely manner) MUST be attached to the white copy of this form if you appeal it at both Step II and Step III.

If you should decide to appeal the Step I grievance response to Step II, your appeal should be directed top: __MCF Warden's Office__ by __10/27/03__. If it is not submitted by this date, it will be considered terminated.

If you should decide to appeal the response you receive at Step II, you should send your Step III Appeal to the Director's Office, P.O. Box 30003, Lansing, Michigan, 48909.

| Name (first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
|---|---|---|---|---|---|
| Robert Winburn | 222196 | MCF | 2-220-A | 9/15/03 | 10/23/03 |

**STEP II--Reason for Appeal**
Respondent was inattentive to the issues raised in my grievance in that she utterly failed to interview my witnesses I named during the interview. Furthermore, if anyone can be accused of retaliation, it is the party being grieved, as well as the Respondents themselves, who colluded together and had me moved out of 1-Unit without just cause. In fact, the move was precipitated only because of my grievance complaints against C/O Hallowell. Thus, the defense of retaliation for the unjustified taking of my papers is unpersuasive. The modified grievance status arising therein is simply an effort to suppress first amendment freedoms. I request an appropriate investigation, return of my papers, and the lifting of modified access status.

**STEP II--Response**

Date Received by Step II Respondent: 10/27/03

See attached page for grievance response.

Respondent's Name (Print): J. Cason, Warden MCF
Respondent's Signature: John Cason
Date: 10-28-03
Date Returned to Grievant: 10/28/03

**STEP III--Reason for Appeal**
Respondent alludes to extraneous information relating to a MAJOR MISCONDUCT, which has nothing to do with the grievance issue itself. Moreover, newly developed information shows clear staff impropriety in that it was just learned that staff tried to coverup evidence of wrong doing in making a MAJOR MISCONDUCT written by C/O Hallowell disappear. All the above described actions starting at the incident, and throughout the grievance process shows a pattern of misconduct and violations of Policy Directives. I request return of my papers, appropriate investigation, and removal of modified access status.

**NOTE:** Only a copy of this appeal and the response will be returned to you.

**STEP III--Director's Response** is attached as a separate sheet.

If you find the Step III Director's response unsatisfactory, you have the option of referring the grievance to the Office of Legislative Corrections Ombudsman, 4th Floor, Capitol Hall, 115 W. Allegan, Lansing, Michigan, 48913.

DISTRIBUTION: White--Central Office; Green - Canary --Step III; Pink--Step II; Goldenrod--Grievant

APPENDIX B



## MICHIGAN DEPARTMENT OF CORRECTIONS

*"Expecting Excellence Every Day"*

### MEMORANDUM

DATE: 10/10/2003

TO: Prisoner Winburn #222196          LOCK: 1-119-A

FROM: Warden J. Cason

SUBJECT: Modified Access from 10/15/03 to 1/15/04


You are hereby notified that you are being placed on the Department wide Modified Access list. PD-03.02.130, Prisoner/Parolee Grievances, Page #6, under the heading of Modified Access, II, states in part, "A prisoner or parolee who files an excessive number of grievances which are frivolous, vague, duplicative, raise non-grievable issues, or contain prohibited language as set forth in Paragraph G, or is found guilty of misconduct for filing an unfounded grievance as set forth in Paragraph K, may have access to the grievance process limited by the Warden or FOA Area Manager for an initial period of not more than 90 calendar days. If the prisoner or parolee continues to file such grievances while on modified access, the Warden or FOA Area Manager may extend the prisoner's or parolee's modified access status for not more than an additional 30 calendar days for each violation."

Prisoner Winburn, you filed grievance MCF-03-09-00729-07D against Officer Hallowell. You claimed that Officer Hallowell illegally confiscated some alleged legal property from you on 9/15/03. It appears you filed said grievance in retaliation for Officer Hallowell writing a minor court ticket on you 9/15/03 for Violation of Posted Rules. A complete investigation was conducted in this matter. Your allegations were found to be without merit. You have not provided any facts, proof or evidence in support of your claims.

PD-03.02.130, Prisoner/Parolee Grievances, paragraph K states, "If a grievant intentionally files a grievance which is investigated and determined to be unfounded which, if proven true, may have caused an employee or a prisoner to be disciplined, or may have caused an employee to be subjected to corrective action, the grievant may be placed on modified access consistent with Paragraph II through MM. In addition, if the grievant is a prisoner, s/he may be issued a misconduct report if approved by the Warden of FOA Area Manager; however, major misconduct for Interference with the Administration of Rules shall be issued only if approved by the Warden or FOA Area Manager, after consultation with the appropriate Deputy Director or designee."

You will be placed on Modified Access as of 10/15/03 and that action will remain until 1/15/04. During this time period you are prohibited from writing any grievance without the permission of the Grievance Coordinator. To obtain permission of the Grievance Coordinator you must first kite the coordinator and state your grievance. If the Grievance Coordinator finds your issue lacks merit he will not send you a grievance form and you will receive no further response in any way on that issue. Should you attempt to file a grievance without the permission of the Grievance Coordinator the grievance will not be processed. If you attempt to grieve the issue further thru kites, letters, memorandum and circumvent the modified access status you may be subject to 30 day extensions.

If you have further questions about the grievance process you are urged to review PD-03.02.130, Prisoner/Parolee Grievances.


cc: Office of Prisoner Affairs/Kareem Bowen
    Records Office
    Counselor File
    Control Center
    Grievance Coord./M. Brevard

A P P E N D I X   C

MCF Grievance Coordinator: 11/17/03

Please immediately forward me two Grievance forms for processing a meritorious grievance regarding Ins. Clay's recent denial of my visit with "Shelly Kohari", and evidence of retaliation, reprisal, and staff corruption. I tried to resolve my issues with ARUS Johnson to no avail. One grievance is for processing at the local level, and the other is for Lansing Step III staff corruption. Should this request be denied in whole or in part, I request a statement of reasons for denial. Finally, I request that any ex parte communication with the specified staff be avoided, which this grievance coordinator routinely does at this facility.

Sincerely,

Robert Winburn
#222196

cc: file

Robert Winburn
Warden Cason
A.C.L.U.