FILED - GR
March 9, 2012 9:35 AM
TRACEY CORDES, CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: ald /_____ SCANNED BY: KD / 3/9/12

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

ROBERT WINBURN, # 222196,           Case No. 1:04-cv-562

   Plaintiff,                       Hon. Janet A. Neff
vs.

UNKNOWN HALLOWELL,

   Defendant.
_____/


### MOTION FOR A HEARING FOR CONTEMPT PROCEEDINGS
### AND FURTHER RELIEF INCLUDING MODIFICATION OF SETTLEMENT AGREEMENT


   Plaintiff Robert Winburn, pursuant to Federal Rule of Civil Procedure, Rule 60(b)(6), in support of this Motion seeking a hearing for contempt proceedings, and enforcement of a Settlement Agreement, states as follows:

   1. On May 21, 2009, Plaintiff entered into a Settlement Agreement and Mutual Release with Defendant Hallowell, and an Assistant Attorney General for the State of Michigan, (i.e., Michaeal Dean). In that Agreement, it was specifically agreed upon (at paragraph # 10), that this Court would retain jurisdiction over this Settlement and Mutual Release.

   2. That the sole purpose Plaintiff agreed to a Settlement Agreement and Mutual Release included that Plaintiff was guaranteed that he would be allowed to "keep and possess" copies of documents from the Vallejo files, including but not limited to copies of the docket sheets, notwithstanding any current or future Michigan of Corrections policies, directives, rules, or procedures, and will direct and require that all Michigan Department of Corrections personnel comply with this authorization. (See Settlement Agreement and Mutual Release (at paragraph # 2), on file).

   3. That due to a pervasive culture, pattern and atmosphere of retaliation against prisoners who litigate or file grievances the Michigan Department of Corrections, (then Director Patricia Caruso) circulated a Department-wide Memorandum instructing departmental staff on their duty to refrain from retaliating against prisoners who litigate or file grievances. This was consistent with established MDOC PD

03.03.130(I)(6). Yet, as will be shown below, that admonishment has fell upon deaf ears. For example, one prisoner (Dwight Morrow Henley, # 246521) has endured at least 25 transfers culminating in a recent civil rights action in federal court.

4. That the facts giving rise to the instant action include that in October of 2011, Plaintiff was moved from C-Unit to G-Unit in direct response to Plaintiff beginning to blow the whistle on a series of constitutional violations and staff negligence.

5. That on or about October 2, & 3, 2011, once Plaintiff was moved from C-Unit to G-Unit he was threatened by Officer Friesorger and Grievance Coordinator J. Parks that they were going to take all his legal-papers, including the Vallejo files; despite Plaintiff notifying them of his Settlement Agreement. This action culminated in Plaintiff making immediate contact with Assistant Attorney General Michael Dean, who made contact with Departmental officials at this facility, and who then instructed staff that Plaintiff had a Settlement Agreement with the State to keep and possess the Vallejo files even though they did not have Plaintiff's name on the case caption. At this point staff appeared to adhere to Michael Dean's instructions with the exception that Plaintiff was specifically told by Officer Friesorger that they would be back in 6-months to seize his legal property and conduct a Legal Property Hearing, per instructions from Deputy E. Balcarcel. In other words, staff were instructed to step back, and later attack when the case was no longer under the scrutiny of the Attorney General's Office.

6. That on 2/23/12 when Plaintiff went to make copies of documents from the Vallejo files, Librarian Sorenson seized from Plaintiff's possession nearly all of the files pertaining to the Vallejo network. Yet, she did not write a ticket or NOI. This prompted a complaint by Plaintiff in Grievance Action # STF 2012-03-0333-14F. At the same time, Ms. Sorenson had several highly inflammatory Questionnaires and documents (Memorandums) from departmental staff recently indicating that Plaintiff had stolen screw-drivers from the Greenhouse. Notably, Plaintiff strongly condemns this allegation as being patently false, and retaliatory. Thus, Plaintiff request that these documents be preserved for court purposes since Ms. Sorenson states they are being placed in Plaintiff's file for parole board purposes.

7. Obviously, the seizure of the Vallejo files directly violates the terms and conditions of the Settlement Agreement and Mutual Release. Thus, Department officials have unjustifiably failed to comply with the Agreement, and have retaliated against Plaintiff, including but not limited to threats, cell moves, and harassment.

8. That Plaintiff specifically advised all officials

N/A
N/A

involved in this action (including Ms. Sorenson) that he has a Settlement Agreement, and by taking Plaintiff's papers they have disregarded this Agreement. Thus, Plaintiff submits that this establishes his agreement was predicated on fraud, deception, and misleading statements by Department officials, Fed. R. Civ. P. 60(b)(6), and this is contempt. See Morales Feliciano v Hernandez Colon, 704 F. Supp. 16, 19 (D.P.R. 1988). Hence, this renders the agreement as null and void because it was fraudulent, misleading, and meaningless. Fed. R. Civ. P. 60(b)(6).

9. That this agreement specifically provided that this Court would retain jurisdiction in this action, and this Court has inherent power to make additional orders when a Settlement Agreement has been disobeyed or has failed to achieve its purpose. Cf., Root v Woolworth, 150 U.S. 401, 410-411 (1893); Hook v State of Arizona Dep't of Corrections, 972 F.2d 1012, 1014 (9th Cir. 1992).

10. Minimally, this Court should order a scheduling conference with the Magistrate Judge to determine whether there is a breach of the Settlement Agreement which this Court retains jurisdiction over pursuant to the Agreement in writing.

## RELIEF SOUGHT

THEREFORE, Plaintiff Robert Winburn moves this Court to for enforcement, and to initiate contempt proceedings, or order any other appropriate relief necessary to enforce the Settlement Agreement and Mutual Release.

I, Robert Winburn, declare under penalty of perjury that I have read the above facts, and they are true and correct. 28 U.S.C. 1746.

Dated: 3/7/12

Respectfully submitted,

*/s/ Robert Winburn*
Robert Winburn, # 222196
Central Michigan Correctional Facility
320 N. Hubbard Street
St. Louis, Michigan 48880

## CERTIFICATE OF SERVICE

I, Robert Winburn, declare under penalty of perjury that on 3/7/12, I mailed one copy of MOTION FOR A HEARING FOR CONTEMPT PROCEEDINGS AND FURTHER RELIEF INCLUDING MODIFICATION OF SETTLEMENT AGREEMENT, and CERTIFICATE OF SERVICE to: Assistant Attorney General, Michael Dean, P.O. Box 30217, Lansing, Michigan 48909, in a properly addressed envelope with postage fully prepaid.

Dated: 3/7/12

Declarant,

*[signature]*

Robert Winburn, # 222196

original

Robert Winburn, # 222196
Central Michigan Correctional Facility
320 N. Hubbard Street
St. Louis, Michigan 48880

Clerk of the Court
United States District Court
Western District of Michigan
399 Federal Building
110 Michigan N.W.
Grand Rapids, Michigan 49503

RE: Winburn v Hallowell, Case No. 1:04-cv-562

Dear Clerk:

    Enclosed for filing in your Court, please find an original and one (1) copy of Motion for a Hearing for Contempt Proceedings and Further Relief Including Modification of Settlement Agreement, and Certificate of Service.

    Thanks in advance for your time and consideration.

Sincerely,

*Robt Wn*   3-7-12

Robert Winburn, # 222196

cc: file